IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BRYAN YOUNGE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RYAN BERMAN,<br><br>　　　　Defendant. | Case No. 3:22-cv-50099<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

　　　　Defendant Ryan Berman, a trustee of the Village of Lakewood, moves to dismiss the entire complaint of a former trustee of the Village of Lakewood, Plaintiff Bryan Younge. Younge brings two claims under 42 U.S.C §1983 for alleged constitutional violations of his civil rights. Count I is a claim for First Amendment retaliation and Count II is a claim for a violation of his due process rights. In Count III, Younge brings a claim for alleged violations of Title VII of the Civil Rights Act of 1964.  For the reasons below, the Court grants Berman's motion to dismiss the claims that fall within the Court's original jurisdiction (Counts I–III). Because the federal claims are being dismissed, the Court will dismiss the remaining state-law claims (Counts IV–VII) without prejudice.

**I. Background**

　　　　On June 25, 2019, Younge was appointed as a Trustee by the Village of Lakewood Board of Trustees (Board) for the remainder of a vacated term that ended

1

on April 30, 2021. SAC ¶ 17. At all times relevant to the complaint, Berman also served as a Village Trustee. *Id.* ¶ 7.

The allegations of the complaint begin with a report the Board received regarding an incident that involved the Village of Lakewood's (Village) Police Chief. *Id.* ¶ 20. In response to the report, Younge took it upon himself to investigate the Police Chief's conduct. *Id.* ¶ 21. During his investigation, Younge also discovered there was a "deeply toxic" work environment perpetuated by the Village Chief Administrative Officer and the Village President. *Id.* ¶ 22. Younge alleges that because of his investigation, he had verbal and physical altercations with the Village President and other Trustees. *Id.* ¶¶ 35–42. Neither the Village Chief Administrator nor the Village President are parties to this suit.

Younge reported his preliminary findings to the Board in a memorandum dated May 6, 2020. *Id.* ¶ 45. Younge asserts that after he submitted the report to the Board, he was subjected to attempts to discredit his investigation and his reported findings, and faced intimidation and retaliation by Berman and other Board members. *Id.* ¶¶ 48–77. Specifically, Younge alleges he was "falsely accused" of harassment and stalking and referred to the State's Attorney based on these accusations (*id.* ¶¶ 66, 101), accused of false allegations in a published opinion article (*id.* ¶ 71), shut out of Board meetings (*id.* ¶ 95), prevented from contacting Village staff, and filing Freedom of Information Act requests (*id.* ¶¶ 53, 77), and had harassing emails sent to him and his wife (*Id.* ¶¶ 72–73). According to Younge, because he was "worn down by [Berman's] endless campaign of harassment,

2

intimidation, coercion, retaliation and terrorization, he resigned effective October 3, 2020." *Id.* ¶ 78.

Younge alleges that Berman continued to retaliate against him after his resignation and sent a "dossier" of materials relating to events at the Village to Younge's private employer to "jeopardize [his] employment and interfere with his prospective opportunities." *Id.* ¶ 80. The "dossier" included Berman's letter to the State's Attorney accusing Younge of "doxing, physical threats, harassment, and other crimes", and a letter that stated "you have a problem. [Your Company's] fingerprints are all over this… And God forbid, should anything worse than electronic harassment occur, your company's fingerprints will be all over that as well." *Id.* ¶¶ 86–88. According to Younge, because his employer received this information, he did not receive a previously promised promotion. *Id.* ¶ 89.

## II. Legal Standard

Under Rule 8, the plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be plausible, the plaintiff's factual allegations—as opposed to any legal conclusions—must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all the plaintiff's well-pleaded factual allegations and views them—and all reasonable inferences—in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr. Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). Additionally, the Court "need not accept as true legal

conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 587 (7th Cir. 2009). On a motion to dismiss, the moving party bears the burden of establishing the insufficiency of the complaint's allegations, and thus that the complaint should be dismissed for failure to state a claim. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

### III. Analysis

Younge brings seven claims against Berman. Counts I and II allege constitutional violations under § 1983; Count III is a claim for a violation of Title VII; Count IV is a claim under the Illinois Human Rights Act; Count V is a defamation claim; Count VI is a claim for tortious interference with contracts; and Count VII is a claim for intentional infliction of emotional distress. Berman moves to dismiss all claims. For the reasons below, the motion is granted.

### a. First Amendment Retaliation - § 1983 (Count I)

Younge asserts that his investigation into complaints about the workplace environment within the Village and his subsequent report of the findings were protected First Amendment speech, and in violation of his rights to free speech, Berman retaliated against him.

To state a First Amendment claim, a public employee must first plausibly allege that his speech was constitutionally protected. *Lett v. City of Chi.*, 946 F.3d 398, 400 (7th Cir. 2020). "A public employee's speech is constitutionally protected only if it: (1) was made as a private citizen; and (2) addressed a matter of public

4

concern." *Forgue v. City of Chi.*, 873 F.3d 962, 966 (7th Cir. 2017). An employee who fails to plausibly state either element does not have a retaliation claim. *Id.* However, the threshold inquiry is whether the employee was speaking as a citizen; only then does the Court inquire into the content of the speech. *Mills v. City of Evansville*, 452 F.3d 646, 647–48 (7th Cir. 2006). "If a public employee speaks pursuant to his or her official duties . . . the Free Speech Clause generally will not shield the individual from an employer's control and discipline because that kind of speech is—for constitutional purposes at least—the government's own speech." *Kennedy v. Bremerton Sch. Dist.*, 142 S.Ct. 2407, 2423 (2022).

Berman argues Younge's retaliation claim fails because, accepting the Plaintiff's allegations as being true, he was speaking as a public official, not as a private citizen. M. to Dis., Dkt. 30 at 4. Berman maintains that both the investigation and subsequent report arose out of Younge's position as a trustee, was conducted in direct response to a complaint that only the Board received, and the investigation utilized access that was exclusive to Younge's position as a Trustee. *Id.* Younge, however, contends that the investigation and report were conducted not at the instruction of a Village employee, but rather on his own initiative, and therefore was speech made by a private citizen, outside of his duties as a trustee. SAC ¶¶ 21–26, 93.

To determine whether Younge spoke pursuant to his "official duties," the Court makes a "practical inquiry" into the expected duties of the employee, which "is not limited to the formal job description." *Houskins v. Sheahan*, 549 F.3d 480,

5

490 (7th Cir. 2008). The determination of whether a person spoke as a citizen or pursuant to their official duties is a question of law. *Spiegla v. Hull*, 481 F.3d 961, 965 (7th Cir. 2007); *see also Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 277 (5th Cir. 2020); *Mayhew v. Town of Smyrna, Tenn.*, 856 F. 3d 456, 462 (6th Cir. 2017); *Vila v. Padron*, 484 F.3d 1334, 1339 (11th Cir. 2007). Taking the facts in the light most favorable to Younge, the investigation and the report generated by the investigation were produced in Younge's official capacity. Younge investigated a hostile workplace within the Village government, used Village resources during the investigation, spoke with Village employees from his position as a Trustee, and submitted the reported findings to the Village Board. It is inconsequential that Younge was not specifically instructed to conduct the investigation or that it was not in his formal job description as a Trustee. *See Cage v. Harper*, No. 17-cv-7621, 2021 U.S. Dist. LEXIS 132820, at * 18 (N.D. Ill. July 16, 2021) ("[R]eporting misconduct does not have to be one of an employee's 'core' job functions to be part of his or her official duties") (citing *Spiegla*, 481 F.3d at 966).

Additionally, Younge does not plausibly state a claim for retaliation because he exclusively reported the findings of his investigation to the Board. The Seventh Circuit has consistently ruled that a public employee speaks pursuant to his official duties when he reports internal misconduct through only internal channels. *See Roake v. Forest Pres. Dist. of Cook Cnty.*, 849 F.3d 342, 346 (7th Cir. 2017) (plaintiff's speech was unprotected where plaintiff "shared the complaints only with his employer, and the complaints focused exclusively on official misconduct by his

fellow officers"); *Kubiak v. City of Chi.*, 810 F.3d 476, 482 (7th Cir. 2016) (plaintiff's speech was "intimately connected with her professional duties" where she "complained that her co-worker treated her inappropriately at work" and "her speech was directed to her supervisor, the director of her office, and the IAD."); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1091–92 (7th Cir. 2008) ("[C]ourts have determined that reports by government employees to their superiors concerning alleged wrongdoing in their government office were within the scope of their job duties, and, therefore, the employees were not speaking as private citizens."); *see also Balder v. Meeder*, No. 19-cv-7928, 2022 U.S. Dist. LEXIS 114934, at *10 (N.D. Ill. June 29, 2022) (plaintiff's internal complaints to her employer and EEO officer "are not constitutionally protected speech and cannot form the basis of a First Amendment retaliation claim"); *Kohl v. Davis*, No. 20-cv-1940, 2021 U.S. Dist. LEXIS 25493, at *5 (N.D. Ill. Feb. 10, 2021) (where plaintiff "complained to his supervisors, about a coworker, related to the coworker's abuse of her official duties, he was speaking pursuant to his professional responsibilities"); *Carter v. Ill. Gaming Bd.*, No. 18 C 7039, 2020 U.S. Dist. LEXIS 57562, at *4 (N.D. Ill. Apr. 2, 2020) (plaintiff's "internal complaints about the discriminatory and harassing conduct she allegedly suffered at work were made through the appropriate chain of command" and thus "fall outside the First Amendment's scope.").

    The "confidential" results of Younge's investigation submitted in his May 6, 2020, memorandum were relayed exclusively to Trustees, and contained only information concerning matters of Village governance. SAC ¶ 45–46. Therefore,

Younge's investigation was not done and his report was not generated as a private citizen, and thus were not protected by the First Amendment. *Forgue*, 873 F.3d at 966. Because Younge fails the threshold inquiry of a retaliation claim, the Court need not inquire if the speech was on a matter of public concern. *Mills*, 452 F.3d at 647–48. Because Younge's speech is not protected by the First Amendment, his retaliation claim is dismissed.

**b. Due Process (Count II)**

Younge also claims that Berman violated his Fourteenth Amendment due process rights by depriving him of his occupational liberty and property interest because he was constructively discharged by Berman, denied a promotion by his private employer, and denied the opportunity to be heard on Berman's allegations against him during Board meetings. SAC ¶¶ 103–107. For a due process violation, a plaintiff must show (1) that he had a constitutionally protected property interest; (2) that he suffered a loss of that interest amounting to a deprivation, and (3) that the deprivation occurred without due process of law. *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005).

Younge claims that he was "deprived of his property interest in his occupational liberty" because Berman sent a "dossier" of materials containing false allegations against Younge to his private employer and, as a result, he was denied a promotion. SAC ¶105. The Due Process Clause protects one's occupational liberty or "the liberty to follow a trade, profession, or other calling." *Wroblewski v. City of Washburn*, 965 F.2d 452, 455 (7th Cir. 1992). Although reputational harm alone is

8

not a protected interest, the Seventh Circuit states that "stigma plus claims" can implicate a protected liberty interest. *Brown v. City of Michigan City*, 462 F.3d 720, 729–30 (7th Cir. 2006). "Stigma plus claims" involve harm to an individual's "good name, reputation, honor or integrity in a way that made it virtually impossible . . . to find new employment in his chosen field." *McMahon v. Kindlarski*, 512 F.3d 983, 988 (7th Cir. 2008) (internal citations omitted). The Fourteenth Amendment protects only the individual's liberty to pursue a particular occupation, not the individual's right to a specific job. *See Townsend v. Vallas*, 256 F.3d 661, 670 (7th Cir. 2001).

Younge's occupational liberty claim centers around an alleged loss of a promotion with his private employer. SAC ¶ 105. Although a "stigma plus" deprivation is sufficient to state a due process claim, Younge does not allege that he lost or was displaced from his private employment, nor that he could not find comparable work in his chosen occupation. So, Younge has not plausibly alleged that Berman violated his due process rights. *Wroblewski,* 965 F.2d at 456 (there must be permanent exclusion from or protracted interruption of employment) (citing *Munson v. Friske*, 754 F.2d 683, 693 (7th Cir. 1985)).

Further undermining Younge's occupational liberty claim, Younge complains about the loss of a specific job—his *potential* promotion—which is not protected by the Due Process Clause. *Townsend*, 256 F.3d at 670. "[A]n employee has no property interest in a *prospective* promotion". *Moore v. Muncie Police & Fire Merit Commission*, 312 F.3d 322, 327 (7th Cir. 2002) (citing *U.S. v. City of Chi.*, 869 F.2d

9

1033, 1038 (7th Cir. 1989)); *Thomas v. Board of Examiners*, 866 F.2d 225, 227 (7th Cir. 1988) (per curiam); *Bigby v. City of Chi.*, 766 F.2d 1053, 1056 (7th Cir. 1985); *Collins v. Bd. of Educ.*, 792 F. Supp. 2d 992, 1002 (N.D. Ill. 2011). Without a property interest, Younge cannot have a due process claim.

Younge attempts to cure this fatal flaw by recasting his occupational liberty claim in his response brief. Younge now claims that his occupational liberty claim is not solely predicated on the loss of a potential promotion. Instead, he claims that he also suffered a loss of "potential future employers." Resp., Dkt. 37 at 9. Younge's attempt to modify his claim is legally improper and cannot save his claim. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) ("Although a plaintiff may assert additional facts in a motion to defeat dismissal, he or she cannot amend his or her complaint to state new claims in such a motion.").

Based on a theory of constructive discharge, Younge also claims that he was denied of a property interest in the attendant benefits of his position as a trustee because Berman created a work environment that forced him to resign. SAC ¶¶ 101–04. Berman argues he is entitled to qualified immunity as a government official on this due process claim. *Id.*, at 11.[1] Qualified immunity shields government officials "from individual liability for civil damages under 42 U.S.C. §1983 . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Bradley v.*

---

[1] Defendant also argues that Plaintiff did not have a property right to his position as a Trustee or the benefits of the position, voluntarily resigned, and does not sufficiently allege that he was deprived of the opportunity to pursue his chosen profession. M. to Dis., at 8–11.

10

*Vill. of Univ. Park*, No. 22-1903, 2023 U.S. App. LEXIS 2732 at *29 (7th Cir. Feb. 3, 2023); *Figgs v. Dawson*, 829 F.3d 895, 905 (7th Cir. 2016). When presented with a qualified immunity argument, the court "must address two questions: whether the plaintiff's allegations make out a deprivation of a constitutional right, and whether that right was clearly established at the time of defendant's alleged misconduct." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010). "If either inquiry is answered in the negative, the defendant official" is protected by qualified immunity. *Reed v. Palmer*, 906 F.3d 540, 546 (7th Cir. 2018). Courts may analyze the clearly established prong without first considering whether the alleged constitutional right was violated. *Id.* at 547 (citing *Kemp v. Liebel*, 877 F.3d 346, 351 (7th Cir. 2017). It is the plaintiff's burden to prove that a right was clearly established at the time of the alleged violation. *Kiddy-Brown*, 408 F.3d 346 at 35 (citing *Davis v. Scherer*, 468 U.S. 183, 197 (1984)).; *Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019) (qualified immunity is an affirmative defense, but once raised, it is a plaintiff's burden to overcome the defense).

To be clearly established, the "rule must be 'settled law', which means it is dictated by 'controlling authority' or a 'robust consensus of cases of persuasive authority.'" *Bradley*, 2023 U.S. App. LEXIS 2732 at * 30 (citing *District of Columbia v. Wesby*, 138 S. Ct. 577, 589–90 (2018)). A plaintiff must point to a "closely analogous case" finding the alleged violations unlawful. *Reed*, 906 F.3d at 547 (citing *Findlay v. Lendermon*, 722 F.3d 895, 899 (7th Cir. 2013)). The case need not be identical, "but existing precedent must have placed the statutory or

11

constitutional question beyond debate." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam).²

Berman argues that he is entitled to qualified immunity because it is not clearly established that he would have known that his conduct was unlawful. M. to Dis., Dkt. 30 at 11. Younge, however, argues that dismissal based on qualified immunity is inappropriate for a Rule 12(b)(6) motion, because he is not required to anticipate defendant's qualified immunity defense and plead factual allegations sufficient to defeat it. The Court recognizes that dismissal under Rule 12(b)(6) on qualified immunity grounds may be inappropriate in some cases; however, in other cases, it might be not only acceptable, but mandatory. *Doe v. Village of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015). Qualified immunity dismissal may be appropriate "where the plaintiff asserts the violation of a broad constitutional right that had not been articulated at the time the violation is alleged to have occurred." *Jacobs*, 215 F.3d at 765 n.3. "In that case, while the plaintiff may have stated a claim, it is not one 'upon which relief can be granted' and a court may properly address this purely legal question under Rule 12(b)(6)." *Id.*; *see Landstrom v. Illinois Dep't of Children and Family Servs.*, 892 F.2d 670, 674 (7th Cir. 2020).

Younge has not shown that it would be obvious, to a reasonable person, that a person possesses a constitutional right to the attendant benefits of employment under these circumstances. *Bradley*, 2023 U.S. App. LEXIS 2732 at * 29. Indeed, by

---

² The Seventh Circuit has made an exception that "in some rare cases, where the constitutional violation is patently obvious, the plaintiffs may not be required to present the court with any analogous cases." *Jacobs v. City of Chi.*, 215 F.3d 758, 767 (7th Cir. 2000).

failing to identify a factually analogous case, Younge has not met his burden of showing the right was clearly established. *Kiddy-Brown*, 408 F.3d 346 at 35; *Reed*, 906 F.3d at 547. Furthermore, the Court's standing order makes clear that "when an argument effectively requires analogous reasoning (think qualified immunity), but the brief contains no analogous reasoning, the Court may find waiver." Iain D. Johnston, Standing Order on Failure to Respond, https://www.ilnd.uscourts.gov/judge-info.aspx?Bt1LmR2QgBbCj2VD6w9tXA==. Because Younge has failed to satisfy a necessary element to defeat Berman's qualified immunity defense, Younge's due process claim for the attendant benefits of being a Village trustee is dismissed. *Reed*, 906 F.3d at 546.

**c. Title VII (Count III)**

Younge claims that his complaints of sexual harassment and sex-based discrimination related to Village governance and its employees was an activity protected under Title VII. SAC ¶ 113. Berman argues that Younge fails to state valid claim in Count III because Younge is not an "employee" entitled to protection under Title VII. Further, Berman contends he is not a proper defendant under Title VII because there is no individual liability under the statute. M. to Dis., at 13–17.

Plaintiff's response fails to address Defendant's arguments for dismissal of Count III, so the court will assume that Younge concedes that the claim is insufficient and dismisses Count III. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). There is good reason for this concession. Any arguments to the contrary would be legally frivolous. Younge was not an "employee" under Title VII,

13

so he is not a proper plaintiff. 42 U.S.C. §2000e(f) ("'[E]mployee' shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof"). And Berman—as an individual—is not an "employer" and is not a proper defendant. *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017).

### d. State Law Claims (Counts IV-VII)

Younge asserts state-law claims for a violation of the IHRA (Count IV), Defamation (Count V), tortious interference with contract (Count VI), and intentional infliction of emotional distress (Count VII). Because the Court has dismissed all claims over which it has original jurisdiction, the Court, using its discretion, declines to exercise jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *Hagan v. Quinn*, 867 F.3d 816, 829–830 (7th Cir. 2017) ("the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.") (citing *Groce v. Eli Lily*, 193 F.3d 496, 501 (7th Cir. 1999)); *Alonzi v Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives Co.*, 55 F.3d 1176, 1182 (7th Cir. 1993). The Court sees no reason to deviate from this practice, so Younge's state law claims are dismissed without prejudice.

## IV. Conclusion

For these reasons, Counts I–III are dismissed. The Court declines to retain jurisdiction over the state law claims and dismisses Counts IV–VII without prejudice.

Date: March 6, 2023

_____
Honorable Iain D. Johnston
United States District Judge